UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERRNEI REINA,<br><br>                       Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                       Respondent. | CASE NO. 07-CV-1304 W<br>                 00-CR-3209 W<br>ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT (Civ. Doc. No. 1; Cr. Doc. No. 510.) |

On July 17, 2007, Ferrnei Reina ("Petitioner"), a federal prisoner proceeding *pro se*, commenced this action seeking relief from his conviction under Federal Rule of Civil Procedure 60(b). On August 28, 2007, the Government filed its opposition. On October 1, 2007, Petitioner filed his traverse. The Court decides the matter on the papers submitted and without oral argument. See S.D. Cal. Civ. R. 7.1(d.1). For the reasons discussed below, the Court **DENIES** Petitioner's motion.

///

///

///

## I. BACKGROUND

The facts of this case are not in dispute. On October 11, 2000, a grand jury for the Southern District of California returned a two-count Indictment charging Petitioner and others with conspiracy to distribute cocaine on board a vessel (Count 1), and possession of cocaine on board a vessel (Count 2), in violation of the Maritime Drug Law Enforcement Act ("MDLEA"). On October 18, 2001, the day the trial was scheduled to begin, Petitioner pled guilty to Counts 1 and 2 of the Indictment without the benefit of a plea agreement. On January 22, 2002, Petitioner was sentenced to 135 months in prison. Petitioner filed a notice of appeal, and on February 4, 2004, the Ninth Circuit Court of Appeals affirmed Petitioner's 135-month sentence.

On December 14, 2004, Petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2255. Petitioner alleged that (1) trial counsel failed to advise Petitioner that if he proceeded to trial, the government would have been required to prove the amount of drugs in the Indictment beyond a reasonable doubt; (2) trial counsel was ineffective because he failed to properly investigate Petitioner's role as a minor player in the charged offenses; and (3) the district court violated Federal Rule of Criminal Procedure 11 by not advising Petitioner of the proper statutory maximum sentence for the charged offenses. On May 9, 2005, this Court denied Petitioner's motion. Petitioner sought a certificate of appealability, which this Court denied on June 7, 2005.

On July 17, 2007, Petitioner filed this motion to set aside or vacate the prior judgment under Federal Rule of Civil Procedure 60(b), specifically under Rule 60(b)(4) and Rule 60(b)(6). Though Petitioner's arguments are not entirely clear, Petitioner seems to allege that the district court erroneously exercised jurisdiction over him without first requiring the Government to allege in the Indictment and prove to a jury beyond a reasonable doubt certain facts necessary to establish jurisdiction. Specifically, the Government did not allege and prove that the vessel Petitioner was aboard was stateless, i.e. without nationality, which is required to establish subject matter jurisdiction under the MDLEA. See 46 App. U.S.C. § 1903(c).

The catalyst for Petitioner's motion is the Ninth Circuit's <u>United States v. Perlaza</u>, 439 F.3d 1149 (9th Cir. 2006) opinion. In <u>Perlaza</u>, the Ninth Circuit reversed and remanded the conviction and sentence of Petitioner's ten co-defendants who proceeded to trial. <u>Id.</u> at 1153. The court determined that the district court erroneously exercised jurisdiction over those ten defendants by not requiring the Government to allege and prove to a jury beyond a reasonable doubt that the vessel was stateless. <u>Id.</u> In addition to the jurisdictional argument, Petitioner alleges ineffectiveness of counsel. Thus, Petitioner argues that he should be relieved from his conviction.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal sentencing court is authorized to discharge or re-sentence a defendant if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. This statute is intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court. See <u>United States v. Addonizio</u>, 442 U.S. 178, 185 (1979); <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864 n.4 (9th Cir. 1999).

The remedy available under § 2255 is as broad and comprehensive as that provided by a writ of habeas corpus. See <u>United States v. Addonizio</u>, 442 U.S. 178, 184-85 (1979). But this does not encompass all claimed errors in conviction and sentencing. <u>Id.</u> at 187. A mere error of law does not provide a basis for collateral attack unless the claimed error "resulted in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure." <u>Hamilton v. United States</u>, 67 F.3d 761, 763-64 (9th Cir. 1995) (quoting <u>United States v. Timmreck</u>, 441 U.S. 780, 783-84 (1979)).

In contrast to § 2255 or habeas relief, Federal Rule of Civil Procedure 60(b) permits relief from a final judgment or order for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct by the adverse party; (4) voiding that judgment; (5) satisfaction of the judgment; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). The motion must be made within a reasonable time, and it must be made not more than one year after the judgment if for reasons (1), (2), or (3). Id.

### III. DISCUSSION

As a threshold issue, the Court considers whether Petitioner's Rule 60(b) motion is actually a successive habeas petition subject to the requirements of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See 28 U.S.C. § 2244. Because this Court finds that the motion is a successive petition, this Court will then consider whether Petitioner has complied with AEDPA's requirements for bringing successive habeas petitions.

#### A. When a Rule 60(b) Motion is a Successive Habeas Petition.

The Ninth Circuit has articulated a policy in favor of treating Rule 60(b) motions in habeas cases as successive petitions governed by AEDPA. Thompson v. Calderon, 151 F.3d 918, 921 (9th Cir. 1998). The Ninth Circuit reasons that "Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions. That was true before [the AEDPA] was enacted, and it is equally true, if not more so, under the new act." Id. (citing Felker v. Turpin, 101 F.3d 657, 661 (11th Cir. 1996)). The Ninth Circuit has held that "when the factual predicate for a Rule 60(b) motion also states a claim for a successive petition under 28 U.S.C. § 2244(b), the Rule 60(b) motion should be treated as a successive habeas petition. Id. The court also noted, however, that a bright line rule equating all Rule 60(b) motions with successive habeas petitions would be improper, and that in certain situations a Rule 60(b) motion may be brought without

having to comply with AEDPA's requirements for successive petitions. Id. Indeed, the Supreme Court has held that district courts have jurisdiction to consider Rule 60(b) motions in habeas proceedings if the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings. Gonzalez v. Crosby, 545 U.S. 524, 532 (2005).

The Supreme Court has noted that determining whether a Rule 60(b) motion advances one or more "claims" is relatively simple. Id. When a movant (i) asserts any new ground entitling a petitioner to habeas corpus relief, or (ii) asserts that a previous ruling regarding one of those grounds was in error, he is making a habeas corpus claim. Id. at 532; See Id. 532 n.4. However, when the movant merely asserts that a previous ruling which precluded a merits determination was in error, he does not assert a habeas corpus claim; thus, the Rule 60(b) motion is not treated as a successive habeas petition. Id. at 532.

### B. Petitioner's Contentions

In his Rule 60(b) motion, Petitioner has both advanced a new habeas claim and has attacked the substance of one of his prior habeas claims which the Court resolved on the merits. (Def. Mot. Relief J. 2-3.) Petitioner has not alleged any defects in the integrity of his prior federal habeas proceeding.

Petitioner's motion is based on two contentions: (1) that the district court erroneously exercised jurisdiction over him without first requiring the Government to allege in the Indictment and prove to a jury beyond a reasonable doubt certain facts necessary to establish jurisdiction; and (2) that his counsel was ineffective.

The first contention is a new habeas claim because § 2255 clearly sets forth as a ground for habeas relief the court's imposition of a sentence without jurisdiction to impose such sentence. See 28 U.S.C. § 2255. Petitioner did not advance this claim in his prior § 2255 petition. Thus, because the first contention is a new ground for habeas relief that was not advanced in the prior petition, this Court cannot consider the

claim under a Rule 60(b) motion– it is instead treated as a successive habeas petition.

Furthermore, the second contention (ineffectiveness of counsel) was already disposed of on the merits in Petitioner's prior habeas petition. (*Order Den. Mot. Habeas Corpus Relief*, May 9, 2007.) The instant Rule 60(b) motion simply seeks to re-litigate the same issue. Thus, under Gonzalez, the Court must consider this a successive habeas petition rather than a Rule 60(b) motion.

### C. The Ninth Circuit Has Not Authorized This Court to Consider Petitioner's Successive Habeas Petition.

When a Rule 60(b) motion qualifies as a second or successive habeas petition under Gonzales, it must comply with AEDPA's requirements. See 28 U.S.C. § 2244. The AEDPA imposes three basic requirements on successive habeas petitioners. First, "any claim that has already been adjudicated in a previous petition must be dismissed." Gonzalez, 545 U.S. at 529-30; see also 28 U.S.C. § 2244(b)(1). Second, any new claim that was not already adjudicated must be dismissed unless it relies on "a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." Gonzalez, 545 U.S. at 530; see also 28 U.S.C. § 2244(b)(2). Finally, before a district court can accept a successive habeas petition, "the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." Gonzalez, 545 U.S. at 530; see also 28 U.S.C. § 2244(b)(3).

Against 28 U.S.C. § 2244(b)(3)'s appellate certification requirement, Petitioner has not sought or obtained an order from the Ninth Circuit authorizing this Court to consider a successive § 2255 petition. Because this step is always required for successive habeas petitions, AEDPA bars this Court from considering Petitioner's motion at present. See Gonzalez, 545 U.S. at 530.

///
///
///

### IV. CONCLUSION AND ORDER

After reviewing Petitioner's claims, the Court finds that Petitioner's Rule 60(b) motion should be instead viewed as a successive habeas corpus petition. Because Petitioner has not fulfilled the requirements to bring a successive habeas petition, the Court **DENIES** Petitioner's Motion for Relief from Judgment. (Civ. Doc. No. 1; Cr. Doc. No. 510.)

IT IS SO ORDERED.

DATED: December 4, 2007

HON. THOMAS J. WHELAN
United States District Court
Southern District of California